UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DENNIS D'AMBRA, individually and doing business as Flickers and Club Balloons,<br>      Plaintiff,<br><br>v.<br><br>CITY OF PROVIDENCE, by and through its Treasurer, James J. Lombardi, III, et al.,<br>      Defendants. | C.A. No. 11-600-M |

## ORDER

The matter is before this Court on Plaintiff's objections (ECF Nos. 26, 27) to the Report and Recommendation (R&R) issued by United States Magistrate Judge Patricia A. Sullivan. (ECF No. 22.) Magistrate Judge Sullivan recommends that Defendants' Motion to Dismiss (ECF No. 15) be granted and Counts II and IV of the Amended Complaint (ECF No. 3) be dismissed.

Plaintiff objects to numerous facets of the R&R, including its reference to materials beyond the pleadings, its characterization of a writ of certiorari as an appeal, its description of animosity as "somewhat implausible," and its depiction of the Board of Licenses' hearing as "an extensive evidentiary hearing." (ECF No. 27 at 1-8.) Plaintiff also objects to the R&R's conclusions that the Amended Complaint fails to state claims for either Substantive Due Process or Equal Protection, as well as its finding that the Amended Complaint fails for lack of "plausible allegations of the absence of any rational basis for the difference in treatment." *Id.* at 8-14. Finally, Plaintiff disagrees with the R&R's comments about res judicata and the Rooker-Feldman doctrine. *Id.* at 15-17.

This Court's review of the R&R is pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1). After careful review of the R&R and all of Plaintiff's objections, this Court agrees with Magistrate Judge Sullivan's thorough and well-reasoned recommendation that both Count II and Count IV of the Amended Complaint fail to state a claim and should be dismissed.

This Court also reviewed section IV.B. of the R&R, the part pertaining to the state law claims, Counts I and III.[1] (ECF No. 26 at 26-27.) Under 28 U.S.C. § 1367(c)(3), this Court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 343, 726 (1966)). In *Gibbs*, the United States Supreme Court explained that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726. More recently, the United States Supreme Court commented on this statement, recognizing "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

---

[1] Although 28 U.S.C. § 636(b)(1) "does not require the [district] judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, those factors — especially the early stage of this litigation — point towards declining to exercise jurisdiction over the two remaining state law claims. This Court therefore declines to exercise supplemental jurisdiction over Counts I and III of the Amended Complaint.

The R&R is accepted in part and rejected in part. Defendant's Motion to Dismiss (ECF No. 15) is GRANTED. Counts II and IV of the Amended Complaint are DISMISSED WITH PREJUDICE. This Court declines to retain supplemental jurisdiction over the state law claims; therefore, Counts I and III of the Amended Complaint are DISMISSED WITHOUT PREJUDICE to their maintenance in a court of competent jurisdiction.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 25, 2013